IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JIMMY LEE ROSSER,                )
                                 )
            Petitioner,           )
                                 )
    v.                           )    1:08CV808
                                 )
SUPERINTENDENT NORA HUNT,        )
                                 )
            Respondent.           )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the petition[1], on November 27, 2006, in the Superior Court of Rockingham County, Petitioner entered a plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to statutory rape and a violation of probation in cases 06 CRS 051751 and 03 CRS 6977. He was then sentenced to 100 to 129 months of imprisonment. Petitioner did not file a direct appeal. However, on April 24, 2008, he filed a motion for appropriate relief in the trial court. When that motion was denied, he sought a writ of certiorari from the North Carolina Court of Appeals. This was also denied. Finally, Petitioner sought a writ of certiorari from the North Carolina Supreme Court. The North Carolina Supreme Court dismissed Petitioner's certiorari petition on August 26, 2008, in an order entered on September 2, 2008.

---

[1]Respondent relies on Petitioner's allegations and the state court documents attached to his petition for the basic facts of Petitioner's case and the records of his filings in the state courts. The Court will do the same.

Petitioner next filed his habeas petition in the Western District of North Carolina. The petition is dated October 9, 2008 and was stamped filed by the Western District on October 22, 2008, before being transferred to this Court. In the petition, Petitioner raises claims that he was subjected to an illegal interrogation because he was not advised of his rights, that he received ineffective assistance of counsel because his attorney did not investigate or file a suppression motion based on the facts alleged in the first claim for relief, and that the Rockingham County Superior Court incorrectly failed to "hold an evidentiary hearing" to support its findings. (Docket No. 1 at 9.) Respondent has filed a motion to have the petition dismissed for being untimely filed.

## Discussion

Respondent requests dismissal on the ground that the petition was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 generally have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. 28 U.S.C. § 2244(d)(1)(A); Harris v. Hutchinson, 209 F.3d 325 (4th

---

[2] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

Cir. 2000). Where no direct appeal is filed, the conviction becomes final under § 2244(d)(1)(A) when the time for seeking direct review expires. Clay v. United States, 537 U.S. 522, 528 (2003).

Petitioner was convicted and sentenced on November 27, 2006 and judgment was entered on that day. Because Petitioner did not file any direct appeal, his conviction became final, at the latest, fourteen days later when his time to file a notice of appeal passed on December 11, 2006. N.C.R. App. P. 4(a)(fourteen days to serve notice of appeal). His time to file his federal habeas petition then ran uninterrupted for a year until it expired on December 11, 2007. Petitioner's federal habeas petition, which states that it was mailed on October 9, 2008, was filed well out of time under § 2244(d)(1)(A).

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner did not make any attempts at state post-conviction relief during the year following the finality of his conviction. He did make attempts at state court post-conviction relief several months after his one-year time period had expired, but such attempts do not revive or restart the running of

an expired limitation period. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Therefore, Petitioner's petition was not timely filed under § 2244(d)(1)(A).[3]

Petitioner does not actually contest the time line just set out or the fact that his habeas petition was filed after the one-year period expired. Instead, he seeks equitable tolling of the limitation period based on a lack of legal materials and law libraries in the North Carolina prisons. He also mentions the fact that he is ignorant of the law and that he did not know of the one-year deadline.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary

---

[3]The one-year limitation period can start running at times other than the finality of a conviction in appropriate cases, such as where a claim or the facts or law supporting it do not exist or are not reasonably ascertainable until some later date. See 28 U.S.C. § 2244(d)(1)(B)-(D). Here, Petitioner's claims that he was subjected to an illegal interrogation and that he received ineffective assistance of counsel were obviously known or knowable at the time his conviction became final. His third claim, which states that he did not receive an evidentiary hearing, is silent as to when it allegedly occurred. If Petitioner is referring to any time before his guilty plea was entered, the one-year time period obviously began running for this claim at the same time as his other two claims. However, it is possible that Petitioner is referring to the lack of an evidentiary hearing on his motion for appropriate relief. If so, the underlying facts for the claim would have occurred less than a year prior to the filing of his petition and the claim might not be time barred. Even so, the claim should still be dismissed for a separate reason. Claims based on alleged errors in state post-conviction review proceedings are not cognizable on federal habeas review. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir.), cert. denied, ___ U.S. ___, 129 S.Ct. 162 (2008).

-4-

circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled by the State or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not ordinarily constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

Petitioner is not entitled to equitable tolling. He complains in his petition that he did not have a law library available. However, a mere lack of access to a law library is not an unconstitutional impediment unless an inmate can show actual harm. Akins, 204 F.3d at 1090. Petitioner cannot show harm because, as Respondent points out, North Carolina Prisoner Legal Services

(NCPLS) is available to prisoners in North Carolina in lieu of prison libraries. See Bounds v. Smith, 430 U.S. 817 (1977)(state only has an obligation to provide either prison law libraries or assistance from persons trained in the law), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). Petitioner acknowledges that NCPLS is present to assist with claims of post-conviction relief, but does not explain why he did not avail himself of that service. Instead, he includes an undated letter from NCPLS stating that it will not provide him with copies or legal advice so that he could pursue his case on his own. (Docket No. 10 at 2 and Ex.) The letter does invite Petitioner to submit his case to NCPLS for review, but there is no indication that he availed himself of this opportunity. Petitioner's failure to use available resources, not a lack of access to a law library, presumably accounts for Petitioner's failure to file his petition in a timely manner.

Petitioner also faults the North Carolina Department of Correction for not posting "this information" on the prison bulletin board. (Docket No. 10 at 3.) It is not apparent what information Petitioner is referencing. Still, it is clear that Petitioner was aware of NCPLS, which was his available resource for legal information while in prison. Again, he simply did not make use of that resource according to the guidelines set out in the NCPLS's letter. Petitioner has not shown that any state action prevented him from filing, that the extraordinary circumstances necessary for equitable tolling were in existence, or that he

-6-

Case 1:08-cv-00808-NCT-DPD   Document 11   Filed 03/31/09   Page 6 of 7

exercised due diligence in pursuing his claims.  Because equitable tolling is not available to Petitioner, his petition is time-barred.  Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 6) be granted and that Judgment be entered dismissing this petition.

        /s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

March 31, 2009